UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    Case No. 3:18-cr-00048-VAB

v.

LESLIE R. EVANS                             February 22, 2022

### PRETRIAL DIVERSION WAIVER

The Pretrial Diversion Program for the District of Connecticut (also referred to as "the Program") has been explained to me by my attorney, who has also signed this waiver. I fully understand the requirements of the Program as well as the advantages resulting to me from my successful completion of the Program.

A. Defendant Subject to Criminal Prosecution

I understand that the Grand Jury has returned an Indictment charging me with various counts of wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), conspiracy to commit wire fraud and bank fraud (18 U.S.C. § 1349), and unlawful money transactions (18 U.S.C. § 1957). A copy of the Indictment is attached to this waiver. I acknowledge the truth of the facts set forth in the attached Statement of Agreed Facts.

I consent to the filing of a motion on my behalf requesting a continuance of judicial proceedings based on the Indictment and understand that further judicial proceedings in this prosecution will be delayed until whichever of the following events occurs first: (1) a United States Probation Officer and the United States Attorney (through an Assistant United States Attorney) determine that they are unable to devise a satisfactory Program for me; (2) I reject the Program proposed to me; (3) I fail to abide by the conditions of the Program; or (4) I successfully complete

1

the Program.

B.      Waiver of Rights

1.      Waiver of Statute of Limitations

I agree to a tolling of the statute of limitations period from the date the Indictment was returned in this matter until the period of pretrial diversion in this case has expired, and I have successfully completed the Program. I agree that should I fail to successfully complete the Program, then the charges in this case may be commenced or reinstated against me, regardless of whether the statute of limitations period expired after the date the Indictment was returned in this matter. I further agree to waive any defenses based on the statute of limitations expiring after the date of the Indictment with respect to the charges contained in the Indictment. Nothing in this waiver precludes the defendant from raising a defense based on the claim that the statute of limitations expired prior to the date the Indictment was returned in this matter.

2.      Waiver of Speedy Trial Rights

I fully understand my rights with respect to a speedy trial in this case, according to the Sixth Amendment of the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and the Due Process Clause of the Fifth Amendment to the United States Constitution. I am also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in bringing a defendant to trial. I agree to waive all such rights, including the right to claim that my prosecution has been improperly delayed under the provisions of the Constitution and laws of the United States during the period of my participation in the Program and during the period between the filing of this Waiver and my acceptance in the Program or a formal determination (for the reasons set forth

2

below) that I will not participate in a Program.

C.      The Determination of a Satisfactory Program

I understand that the next stage of the pretrial diversion process will be an interview with a United States Probation Officer of the United States District Court, and an investigation and an evaluation by that officer. I also understand that, after the United States Probation Officer's evaluation is complete, he or she will confer with the Government and my attorney in order to devise a Program satisfactory to the United States Probation Officer and the United States Attorney for the District of Connecticut. I understand that if the United States Attorney and the United States Probation Officer are able to agree upon a Program for me, that Program will be presented to me and my attorney for approval. I further understand that after reviewing the Program proposed, I may either accept the proposal and enter into the Pretrial Diversion Program or reject the Program. I understand that if I reject the Program proposed, the prosecution against me may begin at the point at which it was suspended.

D.      Completion or Failure to Complete the Program

I understand that during the period of the Program established for me, I shall be obliged to conform in all respects to the conditions of the Program and the requirements of the United States Probation Officer who supervises my Program. I also understand that upon my completion of the Program, as certified by the United States Probation Officer, the United States Attorney will move to dismiss the Indictment, with prejudice, filed in this case in so far as it pertains to me. I further understand that if I fail to abide by the terms and conditions of the Program established for me, or if I fail to complete the Program, the prosecution based on the Indictment may be recommenced, and in such instance, I shall receive no credit for any participation in the Pretrial Diversion

3

Program.

I understand that the determination of whether I have or have not abided by the terms and conditions of the Program and of whether or not I failed to complete the Program shall be made by the United States Attorney for the District of Connecticut. Before so deciding and re-initiating the prosecution in this case, however, I understand that the Government shall furnish me, through my counsel, with written notice specifying the provisions of the Program violated and await my response in order to allow for a determination to be made as to whether a breach of the Agreement occurred. I also understand that the Government may waive any alleged violation and have me continue in the Program.

E.   Limitation of Deferral of Prosecution

I understand that the deferral of prosecution in this case pertains only to the violation of law set forth in the accompanying Indictment and the conduct underlying the criminal investigation which gave rise to the charges in the Indictment.

Dated this _11_ day of February 2022, at New Haven, Connecticut.

LESLIE R. EVANS
Defendant

NEIL G. TAYLOR
Attorney for Defendant

4

## STATEMENT OF AGREED FACTS

In 2014, Leslie R. Evans ("Mr. Evans"), Robert Matthews ("Matthews"), Nicholas Laudano ("Laudano"), and others worked to purchase the property located at 115 Lower Church Hill Road, Washington Depot, Connecticut for Matthews' benefit. At some point, Mr. Evans learned that Matthews had lost the house to foreclosure and that Laudano had planned to purchase the residence as a straw buyer for Matthews.

To help effectuate this sale, Mr. Evans wrote, signed and sent a letter dated February 3, 2014 to a company, Auction.com, who was working to sell the property on behalf of the bank that had foreclosed on the property, J.P. Morgan Chase Bank, N.A.. The letter read as follows:

> This email shall confirm that our firm is in receipt of cleared funds in the amount of $2,750,000.00 from Nick Laudano/NJL Development Group, LLC. As part of said transaction, we will be wiring the amount of $136,237.50 to [counsel representing J.P. Morgan Chase Bank N.A.].

In truth and in fact, Mr. Evans has never represented Laudano or NJL Development Group, LLC. Mr. Evans's firm did not receive cleared funds of $2,750,000.00 either from Laudano or NJL Development Group, LLC. Mr. Evans did not form any corporation or act as a signatory for any corporation on Laudano's behalf related to the Lower Church Hill Road property, nor did he receive any payment related to the property. Mr. Evans did, however, wire $136,237.50 to counsel for J.P. Morgan Chase Bank, N.A. on February 3, 2014 as described in his letter.

I swear or affirm under penalties of perjury the above to be true and correct.

Date: _February 11, 2022_

_Leslie R. Evans_
Defendant